# EXHIBIT 15

Westlaw.

Not Reported in F.Supp.2d                                                                                           Page 1
Not Reported in F.Supp.2d, 1999 WL 162805 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

Abbott Laboratories v. Selfcare, Inc.
N.D.Ill.,1999.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
ABBOTT LABORATORIES, Plaintiff,
v.
SELFCARE, INC., Princeton Biomeditech Corporation, and PBM-Selfcare, L.L.C., Defendants.
No. 98 C 7102.

March 15, 1999.

MEMORANDUM OPINION

GRADY, District J.

*1 Before the court is defendant's motion to dismiss or transfer. For the reasons explained below, the motion to transfer is granted.

BACKGROUND

All of the parties to this case engage in the business of home pregnancy tests that employ immunoassay technology. This technology allows consumers to detect the presence of a pregnancy hormone in a woman's urine. Apparently, each side believes that the other's product has infringed its patents.

On April 17, 1998, Abbott Laboratories ("Abbott") filed a complaint in the United States District Court for the District of Massachusetts (the "Massachusetts district court") against two of the defendants in the instant case, Selfcare, Inc. ("Selfcare") and Princeton Biomeditech Corporation ("PBM").[FN1] The Massachusetts lawsuit involves United States Patent No. 5,654,162 (the " '162 patent") and United States Patent No. 5,073,484 (the " '484 patent"). Abbott alleged that defendants had infringed those patents by manufacturing and marketing a variety of home pregnancy tests that use immunoassay technology.

> FN1. PBM-Selfcare, L.L.C., a subsidiary of the two named defendants and the third defendant in this case, was not named in that action.

On August 5, 1998, the Massachusetts district court denied Abbott's motion for a preliminary injunction. In doing so, it relied upon pleadings, affidavits, and memoranda of law, and heard oral argument. Abbott Lab. v. Selfcare, Inc., 17 F.Supp.2d 43, 45 (D.Mass.1998). On October 23, 1998, defendants filed a motion for leave to amend their answer and counterclaim to assert that Abbott had infringed two patents owned by PBM-Selfcare, United States Patent No. 5,559,041 (the " '041 patent") and United States Patent No. 5,728,587 (the " '587 patent"). The motion also sought leave to add PBM-Selfcare as a co-counterplaintiff. That motion is still pending before the Massachusetts district court.

On November 5, 1998, a day before it filed a response to that motion, Abbott Laboratories filed this declaratory judgment action. It seeks a declaration that the '041 patent and the '587 patent, the subjects of defendants' proposed counterclaim in the Massachusetts lawsuit, are invalid.

On December 7, 1998, defendants moved to dismiss or transfer this action. We indicated at a subsequent status hearing that we would be unlikely to dismiss the case, and directed the parties to file memoranda on the issue of transfer, with a particular focus on the likelihood of duplication of effort or inconsistent rulings.

DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."28 U.S.C. § 1404(a). In other words, transfer is appropriate where: "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice."Law Bulletin Publ'g, Co. v. LRP Publications, Inc., 992 F.Supp. 1014, 1017 (N.D.Ill.1998) (citing Vandeveld v. Christoph, 877 F.Supp. 1160, 1167 (N.D.Ill.1995). Because the

Case 1:08-cv-01243     Document 22-16     Filed 03/31/2008     Page 3 of 4

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 1999 WL 162805 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

parties agree that venue is proper in both Massachusetts and Illinois, we need only address the second and third elements. Because the interests of justice "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result," we begin our discussion there. *See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 (7th Cir.1986)*.

A. Interests of Justice

***2** When a case is transferred to a district in which a related case is pending, the expectation is that the two cases will be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, if practicable. *Waller v. Burlington N. R.R. Co.,* 650 F.Supp. 988, 991 (N.D.Ill.1987). Consolidation not only conserves scarce judicial resources, but also reduces the resources ultimately expended by the litigants. *Keppen v. Burlington N. R.R. Co.,* 749 F.Supp. 181, 183-84 (N.D.Ill.1990). By preventing duplicative efforts on the part of both the courts and the parties, transfer and subsequent consolidation serve the interests of justice within the meaning of the venue transfer statute. As the Supreme Court has acknowledged, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. Barge FBL-585,* 364 U.S. 19, 26 (1960). Transfer of venue also curbs the risk of inconsistent judgments. *Countryman v. Stein Roe & Farnham,* 681 F.Supp. 479, 484 (N.D.Ill.1987). These concerns have led this district to adopt "a strong policy in favor of transferring a case to the district where a related action is pending." *Keppen,* 749 F.Supp. at 184.

The existence of the pending related action in Massachusetts persuades us to transfer this case. Abbott argues that the actions differ because the Massachusetts lawsuit involves its patents while this action involves Selfcare's patents.[FN2] The two actions, even though directed to different patents, involve the same parties and substantially similar technology. They also involve similar complex factual and legal questions that will require the expenditure of considerable time and effort. Requiring two courts to devote limited resources educating themselves about the same underlying technology would undermine values of judicial economy. By holding a preliminary injunction hearing, the Massachusetts district court has already familiarized itself with this technology. There is no reason we should duplicate those efforts. Abbott also argues that additional discovery in these intertwined actions would "bog the parties down," but fails to persuade us that this would occur. Appropriate case management will avoid any such problem.

> [FN2.] Abbott further argues that the immunoassay technology is extremely common, and this scientific process has been the subject of many federal cases. Contrary to Abbott's implication, however, our holding today is not precedent for the transfer of all cases involving this technology, regardless of the identity of the parties and the existence of a relationship between the patents, to the Massachusetts district court. Nor would our ruling today require all unrelated cases between these particular parties to go before the Massachusetts district court. It addresses only the facts of this case, which involve the same parties' claims regarding substantially similar patent issues.

In addition, we do not wish to risk conflicting rulings. Abbott argues that the Massachusetts district court has not indicated that it intends to hold a *Markman* hearing, but that fact does not assuage our concerns. First, that court's present disinclination to hold a hearing does not mean that such a hearing will never take place. Second, we can imagine many identical issues that might arise in each court, quite apart from *Markman* issues. For example, the discovery process might produce unseemly confusion or conflict between the courts.[FN3]

> [FN3.] The parties' submissions on this motion illustrate this example. They appear to differ strongly over whether a discovery cut-off for March 31, 1999, exists in the Massachusetts action. Because any dispute over discovery in that lawsuit is properly before the Massachusetts district court, we take no position on it here. We only note that, were we to do so, we might well risk coming into conflict with a subsequent order by the Massachusetts district court on

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 3
Not Reported in F.Supp.2d, 1999 WL 162805 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

precisely the same issue.

B. Convenience

*3 Normally, the moving party must show that the transferee court is more convenient. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1293 (7th Cir.1989); *Chemical Waste Management, Inc. v. Sims,* 870 F.Supp. 870, 876 (N.D.Ill.1994). In determining whether the moving party has met its burden, the court should consider: (1) plaintiff's forum choice; (2) the situs of material events; (3) ease of access to evidence; (4) convenience of witnesses; and (5) convenience of the parties. *College Craft Cos., Ltd. v. Perry,* 889 F.Supp. 1052, 1054 (N.D.Ill.1995); *Chemical Waste,* 870 F.Supp. at 876.

Here, however, there is no indication that the relative conveniences favor one forum over the other. The two actions will likely involve many of the same witnesses and much common documentary evidence. Discovery will occur at the appropriate locations under the Rules, regardless of where the cases are pending.

The interests of justice render the plaintiff's choice of forum, and the corresponding "first-to-file" doctrine, largely irrelevant. Abbott correctly points out that the doctrine applies to declaratory judgment actions in patent cases. *Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 938 (Fed.Cir.1993). Nonetheless, where the interests of justice, especially "considerations of judicial and litigant economy," demand it, the trial court has discretion to dismiss a first-filed action. *Serco Servs. Co., L.P. v. Kelley Co., Inc.,* 51 F.3d 1037, 1039 (Fed.Cir.1995) (citation omitted). By extension, considerations of judicial economy warrant transfer, a far less drastic remedy than dismissal. [FN4]

> FN4. Because the interests of justice are determinative of this case, we need not resolve the parties' dispute over which party filed first. The dispute seems to depend largely on whether the Massachusetts district court grants defendant's motion for leave to file a counterclaim in that action. For the purposes of this motion only, we assume that Abbott's instant declaratory judgment action was the first to be filed.

CONCLUSION

For the foregoing reasons, we grant defendant's motion to transfer, which renders moot the defendant's alternative motion to dismiss. Pursuant to 28 U.S.C. § 1404(a), this case will be transferred to the United States District Court for the District of Massachusetts.

N.D.Ill.,1999.
Abbott Laboratories v. Selfcare, Inc.
Not Reported in F.Supp.2d, 1999 WL 162805 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.